# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZETH PALACIOS BALLARDO,<br><br>               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 17-08212-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On November 10, 2017, Lizeth Palacios Ballardo ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on March 15, 2018. On September 4, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 36 year-old female who applied for Social Security Disability Insurance benefits on July 12, 2013, alleging disability beginning June 11, 2013. (AR 13.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 11, 2013, the alleged onset date. (AR 16.)

Plaintiff's claim was denied initially on September 19, 2013, and on reconsideration on December 3, 2013. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") James D. Goodman on June 25, 2015, in Pasadena, California. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel.[1] (AR 13.) Subsequently, Plaintiff appeared and testified at a supplemental hearing held on January 28, 2016, in Pasadena, California, and was represented by counsel. (AR 13.) Afterward, Plaintiff appeared and testified at a third hearing held on July 15, 2016, in Pasadena, California, and was represented by counsel. (AR 14.) Vocational expert ("VE") Martin G. Brodwin also appeared and testified at the third hearing. (AR 14.)

The ALJ issued an unfavorable decision on August 2, 2016. (AR 13-28.) The Appeals Council denied review on September 11, 2017. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered the presence of fatigue and its impact on the ability to engage in substantial gainful activity.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

---

[1] The ALJ continued the hearing in order for Plaintiff to undergo consultive examinations. (AR 13.)

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 11, 2013, the alleged onset date. (AR 16.)

4

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: systematic lupus erythematosus and fibromyalgia. (AR 16-20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a) with the following limitations:

> Claimant can stand up to four (4) hours and walk up to two (2) hours, cumulatively, and sit up to eight (8) hours, cumulatively, in an eight-hour work day. She can lift and carry up to 15 pounds occasionally, 10 pounds frequently. She can occasionally climb, stoop, kneel, crouch, and crawl. She can frequently balance, reach above shoulder level, handle, and finger. She can have occasional exposure to sunlight or sun meaning direct sunlight and cold environment. She can occasionally be exposed to fumes, noxious odors, dusts, poor ventilation, and contact with liquids. She can never be exposed to possible electric shock, dangerous heights, and toxic or caustic materials.

(AR 20-25.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence in the record. (AR 21.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a payroll clerk and an office manager. (AR 25-28.) The ALJ, however, also found that, considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of identification clerk, clerical sorter and referral clerk. (AR 27-28.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 28.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's sedentary work RFC is supported by the medical evidence. The ALJ also properly discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

**I.     THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

**A.     The ALJ Properly Considered The Medical Evidence**

Plaintiff contends that the medical evidence does not support the ALJ's RFC and that the ALJ improperly rejected the opinion of treating rheumatologist Dr. Parke King Chan. The Court disagrees.

1. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is

not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### 2. Analysis

Plaintiff asserts that she suffers from stiffness, joint pain, and swelling. (AR 21.) She experiences chronic pain in her legs, knees, and hands. (JS 5.) She also noted that her fatigue and chronic pain limits her ability to work. (AR 21.) The ALJ did find that Plaintiff has the medically determinable severe impairments of systematic lupus erythematosus and fibromyalgia. (AR 16-17, 21.) The ALJ, however, found that Claimant's impairments were adequately managed with conservative treatment and regular medication management. (AR 21.) The ALJ also found that, although Claimant complained of fatigue and generalized pain,

objective medical findings were generally unremarkable. (AR 21.) More specifically, physical examinations showed Plaintiff had normal range of motion, including full range of motion of the shoulders and hips, and her neurological examinations were consistently normal as well. (AR 21-22.) Although later examinations showed fibromyalgia tender points, the examinations were still normal otherwise. (AR 22.) Accordingly, the ALJ found that Plaintiff could perform sedentary level work with restrictions. (AR 20.) With the assessed RFC, the ALJ found Plaintiff could perform her past relevant work as a payroll clerk and an office manager. (AR 25.)

The ALJ's RFC is based on the above medical evidence and the opinions of two experts. On September 9, 2015, consulting Board certified rheumatologist Dr. Babak Zamiri conducted a physical examination of Plaintiff. (AR 22, 901-909.) He found that Plaintiff had 16 out of 18 fibromyalgia tender points, but physical examination findings were otherwise unremarkable. (AR 22.) Plaintiff's musculoskeletal examination showed full painless range of motion of all major muscle groups and joints. A neurological examination showed normal motor strength, sensation, and reflexes. (AR 22.) Dr. Zamiri diagnosed systematic lupus erythematosus and fibromyalgia. (AR 22.) He opined that Claimant could perform sedentary work: she could sit 8 hours, stand 5 hours, walk 2 hours, and carry 10 pounds frequently. (AR 22.) Despite her history of lupus and fibromyalgia, Dr. Zamiri reported Plaintiff was stable at the moment but needed better control of her fibromyalgia. (AR 22, 23.) The ALJ gave partial weight to Dr. Zamiri's opinion. (AR 23.)

The ALJ gave great weight to the opinion of impartial medical expert Dr. Anne Winkler, Board certified in internal medicine and rheumatology,[2] who testified by sworn interrogatory responses. (AR 3-14, 24, 921-929.) Dr. Winkler also diagnosed lupus and fibromyalgia and noted Plaintiff's fatigue, joint pain, and muscle pain could be reasonable symptoms connected to her impairments (AR 24) and therefore accounted for her fatigue and pain. The ALJ also incorporated Plaintiff's fatigue and pain in his decision, but noted that despite these symptoms

---

[2] Plaintiff notes that the Commissioner states that the ALJ described Dr. Winkler as an orthopedic specialist. (JS 15:17-18.) The Commissioner was in error. The ALJ described Dr. Winkler as Board certified in internal medicine and rheumatology. (AR 24.)

her objective findings were normal. (AR 21.) Dr. Winkler opined that Claimant could sit 8 hours, stand 4 hours, walk 2 hours, and lift and carry 15 pounds occasionally and 10 pounds frequently. (AR 24.) The ALJ found that Dr. Winkler's opinion was supported by the objective medical evidence such as the mild clinical findings. (AR 25.)

Plaintiff relies on the opinion of her treating rheumatologist Dr. Chang who reported on April 16, 2015, that Plaintiff had marked limitation in activities of daily living and in concentration, persistence and pace, and was limited to performing substantially less than the sedentary range of work. (AR 23, 887-889.) The ALJ gave little weight to Dr. Chang's opinion. (AR 23.) The ALJ discounted Dr. Chang's opinion because his assessments are unsupported by the Claimant's objective findings such as generally unremarkable physical examinations. (AR 23.) An ALJ may reject a treating physician's opinion that does not have supportive evidence, is contradicted by other evidence, is not supported by the record as a whole, and is unsupported by or inconsistent with his or her treatment notes. Batson v. Commissioner, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004). In addition to the generally unremarkable physical examinations in the medical evidence of record, Dr. Chang's opinion is contradicted by the opinions of Dr. Zamiri and Dr. Winkler. The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ also found Dr. Chang's opinion was inconsistent with his treatment notes. (AR 23.) Batson, 359 F.3d at 1195 & n.3. The ALJ found that Dr. Chang did not cite any objective findings and in fact frequently reported Plaintiff's lupus as stable. (AR 23, 22.) The ALJ also found that Dr. Chang's opinions were inconsistent with his treatment, as Plaintiff's complaints were treated conservatively with medications and recommendations of exercise, aqua exercise and yoga. (AR 22, 23.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1008 (9th Cir. 2006).

The ALJ inferred from these inconsistencies that Dr. Chang relied uncritically on Plaintiff's subject symptom allegations. (AR 23.) An ALJ may make reasonable inferences from the evidence of record. Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996). A treating

physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan, 242 F.3d at 1150. The ALJ properly discounted Plaintiff's subjective symptom allegations (AR 21), as discussed in the next section.

It is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be discounted. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Chang for specific, legitimate reasons supported by substantial evidence. The ALJ properly considered the medical evidence.

### B. The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations

Plaintiff contends that the ALJ erred in discounting her subjective symptom allegations. The Court disagrees.

#### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what

testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the medical evidence. (AR 21.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the objective medical evidence showed Claimant had normal range of motion, including full range of motion of the shoulders and hips. (AR 21, 22.) Neurological examinations were consistently normal. (AR 21-22.) Dr. Zamiri and Dr. Winkler opined that Plaintiff could perform sedentary work. (AR 22, 23-24.)

Second, the ALJ found that Plaintiff received only conservative treatment. (AR 21-22, 23.) An ALJ may consider conservative treatment in evaluating subjective symptom allegations. Tommasetti, 533 F.3d at 1039. Here, Dr. Chang prescribed conservative care and advised Plaintiff to stay out of the sun. (AR 21.) He also recommended aqua exercises and yoga. (AR 22.) The ALJ found that Claimant received regular medication management, which was relatively effective in controlling her symptoms. (AR 21, 22.) Dr. Chang noted several times that Plaintiff's lupus was stable. (AR 22.) Impairments that can be controlled with medication are not disabling. Warre, 439 F.3d at 1006.

Plaintiff disputes the ALJ's finding that Plaintiff's symptoms are not consistent with the evidence, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: February 6, 2019

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE